# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No: 3:94cr223 (PCD) |
| | : | |
| MICHAEL ARMSTRONG. | : | |

## RULING ON DEFENDANT'S MOTION FOR REINSTATEMENT OF APPEAL RIGHTS

Petitioner Michael Armstrong moves, pursuant to Federal Rule of Civil Procedure 60(b)(6), for reinstatement of his appeal rights.

## I. BACKGROUND

On April 22, 1996, Petitioner pleaded guilty to committing a violent crime (i.e., murder) in aid of racketeering. On January 10, 1997, he was sentenced to a 270-month term of imprisonment. Petitioner was represented by Attorney Paul Martin Tymniak from the time of his indictment through his sentencing.[1] Petitioner did not appeal his conviction, however, on April 30, 1998, he filed a Motion to File a Direct Appeal Out of Time [Doc. No. 2026]. The government objected to that motion and on May 21, 1998, the Court issued a Ruling [Doc. No. 2029] denying Petitioner's motion. On November 30, 1998, Petitioner filed a Writ of Mandamus, which was construed by this Court, in a May 12, 1999 Ruling, as a Petition for Habeas Corpus pursuant to 28 U.S.C. §§ 2241 or 2255. That petition was denied on the merits.

Almost eight years later, on March 5, 2007, Petitioner filed the pending motion for an order seeking reinstatement of his appeal rights. Petitioner claims that he had requested that his attorney, Mr. Tymniak, appeal his conviction but that his attorney never did so.

---

[1] Attorney Tymniak passed away on July 28, 1999.

## II. DISCUSSION

Petitioner's brief sets forth one ineffective assistance of counsel claim, claiming that Attorney Tymniak's failure to appeal his conviction violated his Sixth Amendment right to the assistance of counsel. Although titled a "Motion for Order of Reinstatement of Appeal Rights," Petitioner's motion is properly construed as a Petition for Habeas Corpus, pursuant to 28 U.S.C. § 2255.[2]

When an earlier § 2255 petition was adjudicated on the merits, a subsequent petition is considered "second or successive." See Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements. 28 U.S.C. §§ 2255,[3] 2244(b)(3)(A)[4]; see also Whab, 408 F.3d at 118 ("The duty of the court of appeals to issue or deny such certification is commonly described as its 'gatekeeping' function."). When a petitioner files a second or

---

[2] In his reply brief, Petitioner concedes that he "knowingly and willfully avoided the requirements to file a § 2255," as the requirements set forth therein are "more demanding." (Reply 3.) Notwithstanding Petitioner's intent, his motion challenges his conviction and thus is properly construed as a § 2255 petition. See Grullon v. Ashcroft, 374 F.3d 137, 140 (2d Cir. 2004) ("challenges to the underlying conviction and sentence are properly raised in a § 2255 petition").

[3] A second or successive petition may only be maintained if it is certified by the Court of Appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

[4] 28 U.S.C. § 2244(b)(3)(C) provides: "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."

successive petition without first obtaining authorization from the court of appeals to do so, as is the case here, the district court must transfer the motion to the Court of Appeals. See <u>Liriano v. United States</u>, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam).

## III.     CONCLUSION

In accordance with the requirements of 28 U.S.C. § 2255 and pursuant to 28 U.S.C. § 1631, the Clerk is directed to **transfer** this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition [Doc. No. 2396] should be considered by the district court.

SO ORDERED.

Dated at New Haven, Connecticut, May  9 , 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court